IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS COX,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, OMAHA POLICE DEPARTMENT, CHARLES SWEENEY, Officer; and JOSEPH SALERNO, Officer;<br><br>                Defendants. | 8:23CV241<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2; Motion to Produce Financial Records, Filing No. 4; Motion for Leave to File an Amended Complaint, Filing No. 8; Motion for Summons, Filing No. 9; and "Motion to Use U.S. Marshalls as summons service method," Filing No. 12.

**I. MOTION TO PROCEED IFP**

Plaintiff filed his Complaint, Filing No. 1, on June 5, 2023, along with a Motion for Leave to Proceed IFP, Filing No. 2, and a Motion to Produce Financial Records, Filing No. 4, which seeks production of a six-month institutional account statement. The Court received a certified copy of Plaintiff's trust account information on June 23, 2023, Filing No. 10, and thus denies Plaintiff's Motion to Produce Financial Records, Filing No. 4, as moot. Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for

their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)*; Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001)*.*

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $47.20, based on an average monthly account balance of $235.99.  Plaintiff must pay this initial partial filing fee within 30 days, or his case will be subject to dismissal.  Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. MOTION TO AMEND

On June 8, 2023, Plaintiff filed a motion requesting leave to file an amended complaint in order to add claims against two additional defendants, the Douglas County Department of Corrections and Douglas County. Filing No. 8. A district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). Pursuant to the Court's local rules, "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a).

Plaintiff did not comply with NECivR 15.1(a) when filing his motion to amend his Complaint. However, the Court will consider Plaintiff's motion to amend his complaint as supplemental to his Complaint pursuant to NECivR 15.1(b) (Court may consider pro se litigants' amended pleading as supplemental to, rather than as superseding, the original pleading). Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint, Filing No. 8, is granted to the extent the Court will consider the motion as supplemental to the Complaint, Filing No. 1.

If Plaintiff seeks to further amend his Complaint, Plaintiff is advised that he must comply with NECivR 15.1(a) and file a "motion for leave to amend [that] specifically state[s] the proposed amendments" and includes "as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." The Court will not permit the piecemeal filing of supplemental materials

in this case as the repeated filing of supplemental materials frustrates the Court's ability to discern and review the claims Plaintiff seeks to raise in this matter.

### III. MOTIONS REGARDING SUMMONS

Plaintiff filed a document titled "Summons," Filing No. 9, which the Court construes as a motion, and a "Motion to Use U.S. Marshalls as summons service method," Filing No. 12. In essence, Plaintiff asks the Court to have the United States Marshals serve summons and copies of the Complaint on the defendants.

However, no service of process may take place in this case at this time. Before this matter may proceed, Plaintiff is required to pay an initial partial filing fee of $47.20. Once payment is made, the Court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review. Accordingly, Plaintiff's motions for summons, Filing No. 9, and for service by the U.S. Marshals, Filing No. 12, are denied as premature.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted.

2. Plaintiff must pay an initial partial filing fee of $47.20 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

4

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **August 4, 2023**: initial partial filing fee payment due.

6. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

7. Plaintiff's Motion to Produce Financial Records, Filing No. 4, is denied as moot.

8. Plaintiff's Motion for Leave to File an Amended Complaint, Filing No. 8, is granted to the extent the Court will consider the motion as supplemental to the Complaint, Filing No. 1. The Clerk's office is directed to update the docket text for Filing No. 8 to reflect that it is a Supplement to the Complaint.

9. The Clerk's office is further directed to add "Douglas County Department of Corrections" and "Douglas County" as defendants in this matter pursuant to Filing No. 8 and this order.

10. Plaintiff's Motion for Summons, Filing No. 9, and "Motion to Use U.S. Marshalls as summons service method," Filing No. 12, are denied.

Dated this 5th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge