IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS COX,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF OMAHA, OMAHA POLICE DEPARTMENT, CHARLES SWEENEY, Officer; JOSEPH SALERNO, Officer; DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, and DOUGLAS COUNTY,<br><br>　　　　　Defendants. | 8:23CV241<br><br>MEMORANDUM AND ORDER |

This matter is before two motions filed by Plaintiff on July 12, 2023, Filing No. 15; Filing No. 16, each of which will be addressed in turn.

## I. MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a motion asking the Court to grant a default judgment in Plaintiff's favor "for failure to provide a[n] answer since summons." Filing No. 15. On June 8, 2023, Plaintiff filed a document titled "Summons," Filing No. 9, which the Court construed as a motion, and denied on July 5, 2023, as the Court has not yet conducted the required initial review under 28 U.S.C. § 1915(e). See Filing No. 13 at 4. As no summons have been issued or served on the defendants, Plaintiff's motion for a default judgment is denied.

## II. MOTION FOR DOCKET SHEET

Plaintiff asks that the Court provide him with a free copy of the docket sheet because he is proceeding in forma pauperis and lacks funds to pay for a copy. Filing No. 16. The statutory right to proceed in forma pauperis does not include the right to

receive copies of documents without payment. 28 U.S.C. § 1915; *see also* *Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not…."); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)). If Plaintiff requires copies of court documents, he should contact the Clerk's office to determine the proper method of requesting and paying for copies.

IT IS THEREFORE ORDERED that: Plaintiff's motion for default judgment, Filing No. 15, and motion for a copy of the docket sheet, Filing No. 16, are denied.

Dated this 18th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge